UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | C.A. No. 19 Civ. 05895 (ALC) |
| -against- | ECF CASE |
| DONALD S. LAGUARDIA, JR. | |
| Defendant. | |

### DEFENDANT DONALD S. LAGUARDIA, JR.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Donald S. LaGuardia, Jr. ("Mr. LaGuardia") respectfully submits this Answer, including affirmative defenses, to the Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Complaint dated June 24, 2019, denying each and every allegation of wrongdoing.[1] Mr. LaGuardia answers each specific allegation as follows:

### SUMMARY OF ALLEGATIONS

1. Mr. LaGuardia denies the allegations of paragraph 1.

2. Mr. LaGuardia denies the allegations of paragraph 2.

3. Mr. LaGuardia denies the allegations of paragraph 3.

4. Mr. LaGuardia denies the allegations of paragraph 4.

5. Mr. LaGuardia denies the allegations of paragraph 5.

---

[1] To the extent the headings in the Complaint are intended to constitute factual allegations, Mr. LaGuardia denies each and every such allegation.

1

6. Mr. LaGuardia lacks knowledge or information sufficient to respond to the allegations set forth in paragraph 6 and leaves the Commission its proof.

7. Mr. LaGuardia denies the allegations of paragraph 7.

8. Mr. LaGuardia admits the Commission seeks the relief referred to in paragraph 8 but denies that the Commission is entitled to the relief it seeks and denies any factual allegations as set forth in paragraph 8.

## VIOLATIONS

9. Paragraph 9 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

10. This paragraph contains no averments of fact. Alternatively, to the extent this paragraph is deemed to contain averments, Mr. LaGuardia denies them.

## NATURE OF PROCEEDINGS AND RELIEF SOUGHT

11. Paragraph 11 purports to state the statutory authority conferred on the Commission to bring the present action to which no response is required and, to the extent the paragraph does make any averments, Mr. LaGuardia denies them.

12. Mr. LaGuardia admits the Commission seeks the relief referred to in paragraph 12 but denies that the Commission is entitled to the relief it seeks and denies any factual allegations as set forth in paragraph 12.

## JURISDICTION AND VENUE

13. Mr. LaGuardia admits that L-R Managers, LLC had its principal place of business in New York, New York. This paragraph contains no other averments of fact. Alternatively, to the extent this paragraph is deemed to contain averments, Mr. LaGuardia denies them.

14. Mr. LaGuardia is without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

**DEFENDANT**

15. Mr. LaGuardia admits he resides in Lavallette, New Jersey and that he was one of the founding members of L-R Managers. Mr. LaGuardia also admits he served as Chief Executive Officer and a Managing Principal of L-R Managers, and that he was also a member of the portfolio investment team that managed the Frontier Funds. Mr. LaGuardia admits that he received a Certified Public Accountant (CPA) designation. To the extent this paragraph makes averments regarding Mr. LaGuardia's biography in "marketing materials" and "offering material" for the Frontier Funds, Mr. LaGuardia is without knowledge or information sufficient to respond to the allegations of this paragraph and refers to those documents for their full and complete content. Mr. LaGuardia denies the remaining averments in this paragraph.

16. Mr. LaGuardia admits that L-R Managers had its principal place of business at 430 Park Avenue, New York, New York. Mr. LaGuardia further admits that, on or about June 7, 2017, L-R Managers filed for Chapter 7 bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of New York. Mr. LaGuardia denies that "beginning in 2010" L-R Managers was the investment adviser to the Frontier Funds. As to the remaining averments in this paragraph, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations.

17. Mr. LaGuardia admits that the Frontier Funds utilized a "master/feeder" structure. Mr. LaGuardia further admits that LR Global Frontier Fund, L.P. was a Delaware limited partnership and that LR Global Frontier Fund, Ltd. was an exempted company incorporated

under the laws of the Cayman Islands. To the extent this paragraph makes averments regarding the Private Placement Memorandum ("PPM") for the "onshore fund" (LR Global Frontier Fund, L.P.) Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to those documents for their full and complete content. Mr. LaGuardia denies the remaining averments in this paragraph.

## FACTS

**I.     LaGuardia Misappropriated Fund Assets and Concealed Part of the Misappropriation Through a Sham Receivable and Promissory Note**

18.    Mr. LaGuardia admits that he (and others at L-R Managers) were soliciting investors for the Frontier Funds during the 2013 – 2015 time period. As to the remaining averments in this paragraph, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations.

19.    Mr. LaGuardia denies the allegations of paragraph 19.

20.    Mr. LaGuardia admits that a promissory note exists between the Master Fund and L-R Managers in the amount of $201,500 and dated October 28, 2014, and refers to that document for its full and complete content. Mr. LaGuardia further admits that original maturity date of the promissory note (June 30, 2015) was subsequently extended. Mr. LaGuardia denies the remaining averments in this paragraph.

21.    Paragraph 21 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

22.    Paragraph 22 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

**II.    LaGuardia Used Other Fraudulent Accounting Devices to Inflate the NAV and Returns**

23. Mr. LaGuardia denies the allegations of paragraph 23. Paragraph 23 also purports to state a legal conclusion to which no response is required.

    **1.**    **Reversal of Fund Expenses and Recording of Sham Fund Expense Receivable**

24. Mr. LaGuardia is without knowledge or information sufficient to respond to the allegations of paragraph 24.

25. Mr. LaGuardia denies the allegations of paragraph 25.

26. Paragraph 26 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

    **2.**    **Overstated Returns Through a Performance "True-Up"**

27. Mr. LaGuardia denies the allegations of paragraph 27.

28. Mr. LaGuardia denies the allegations of paragraph 28.

**III.**    **Misrepresentations Regarding Audits, Expenses and Performance**

29. Mr. LaGuardia is without knowledge or information sufficient to respond to the allegations of paragraph 29.

30. To the extent this paragraph makes averments regarding the PPM for the "offshore fund" (LR Global Frontier Fund, Ltd.) Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to those documents for their full and complete content.

31. Paragraph 31 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

32. To the extent this paragraph makes averments regarding the "PPMs" for the Frontier Funds, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to those documents for their full and complete content.

5

11387107.1

33. Paragraph 33 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

35.[2] As to the allegation that Mr. LaGuardia and L-R Managers "provided Frontier Fund performance numbers to investors and prospective investors," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations. The remaining averments of paragraph 35 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

**IV.     Investor A – Misappropriation of Approximately $465,000**

36. Mr. LaGuardia is without knowledge or information sufficient to respond to the allegations of paragraph 36.

37. Mr. LaGuardia denies the allegations of paragraph 37.

38. As for the general allegation that Mr. LaGuardia "made an oral representation to Investor A related to Fund expenses," Mr. LaGuardia denies this allegation as it is overly vague and lacking any specificity. The remaining averments of paragraph 38 purport to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

39. As for the allegation that "[i]n or about September 2015, Investor A made an approximately $2 million subscription in the onshore Frontier Fund through a joint account with his wife," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations. Mr. LaGuardia denies the remaining averments of paragraph 39.

40. Mr. LaGuardia denies the allegations of paragraph 40.

---

[2] The numbering sequence of the SEC Complaint omits No. 24.

41. As for the allegations regarding the transfer of approximately $465,000 from the Frontier Fund accounts to L-R Managers, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations. Mr. LaGuardia denies the allegations of paragraph 41 that approximately $465,000 from the Frontier Funds' accounts was used to pay "unauthorized Firm and personal expenses."

42. To the extent this paragraph makes averments that "Investor A received statements from the Funds' administrators," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to those documents for their full and complete content. The remaining averments of paragraph 42 purport to state a legal conclusions to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

**V.      Investor B – Misappropriation of Approximately $1.37 Million**

43. Mr. LaGuardia denies the allegations of paragraph 43.

44. Mr. LaGuardia is without knowledge or information sufficient to respond to the allegations of paragraph 44.

45. As to allegations regarding Investor B's wiring of funds "to be invested in the offshore Frontier Fund," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations. To the extent this paragraph makes averments regarding a purported "email exchange" between Mr. LaGuardia and Investor B, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to the purported "email exchange" for its full and complete content. Mr. LaGuardia denies the remaining allegations in paragraph 45.

46.     Mr. LaGuardia denies the allegations that he "misappropriated" funds invested in the offshore Frontier Fund by Investor B.  As to allegations regarding Investor B's wiring of funds "to be invested in the offshore Frontier Fund," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations.  To the extent this paragraph makes averments regarding a "January 27, 2014 letter and a "special redemption request," Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations and refers to the January 24, 2014 correspondence for its full and complete content.  As to the remaining allegations of paragraph 46, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations.

47.     As to allegations regarding Investor B's "subsequent investment" in the offshore Frontier Fund on or about May 15, 2014, Mr. LaGuardia is without knowledge or information sufficient to respond to those allegations.  Mr. LaGuardia denies the remaining allegations in paragraph 47.

## FIRST CLAIM FOR RELIEF
### Violations of Section 17(a) of the Securities Act

48.     Mr. LaGuardia incorporates his answers to paragraphs 1-47 which are realleged as if specifically incorporated herein.

49.     Paragraph 49 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

50.     Paragraph 50 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

## SECOND CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

51. Mr. LaGuardia incorporates his answers to paragraphs 1-50 which are realleged as if specifically incorporated herein.

52. Paragraph 52 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

53. Paragraph 53 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

## THIRD CLAIM FOR RELIEF
### Violations of Sections 206(1) and 206(2) of the Advisers Act

54. Mr. LaGuardia incorporates his answers to paragraphs 1-53 which are realleged as if specifically incorporated herein.

55. Paragraph 55 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

56. Paragraph 56 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

## FOURTH CLAIM FOR RELIEF
### Violations of Sections 206(4) of the Advisers Act and Rule 206(4)-8

57. Mr. LaGuardia incorporates his answers to paragraphs 1-56 which are realleged as if specifically incorporated herein.

58. Paragraph 58 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

59. Paragraph 59 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

## FIFTH CLAIM FOR RELIEF
### Control Person Liability for L-R Managers' Violations of Section 10(b) of the Exchange Act and Rule 10b-5

60. Mr. LaGuardia incorporates his answers to paragraphs 1-59 which are realleged as if specifically incorporated herein.

61. Paragraph 61 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

62. Paragraph 62 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

63. Paragraph 63 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

64. Paragraph 64 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

65. Paragraph 65 purports to state a legal conclusion to which no response is required and, to the extent this paragraph does make any averments, Mr. LaGuardia denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

67. The Complaint fails to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

68. Mr. LaGuardia did not act with scienter, recklessness or any improper intent.

### FOURTH AFFIRMATIVE DEFENSE

69. Mr. LaGuardia acted at all times in good faith, and without any knowledge of any supposed wrongdoing, and in conformity with all applicable federal statutes, including the

Securities Act, Securities Exchange Act, Advisers Act, and all applicable rules and regulations promulgated thereunder.

### FIFTH AFFIRMATIVE DEFENSE

70. The purported claims against Mr. LaGuardia and the allegations upon which they are based are improperly vague, ambiguous and confusing, and omit material facts.

### SIXTH AFFIRMATIVE DEFENSE

71. The Commission is not entitled to the relief it seeks.

### SEVENTH AFFIRMATIVE DEFENSE

72. Mr. LaGuardia asserts all other affirmative defenses as may be revealed in the course of this action.

**Mr. LaGuardia demands a jury trial on all claims and defenses so triable.**

Dated: September 3, 2019

Respectfully submitted,

/s/ Mark B. Rosen
Mark B. Rosen
PIERCE ATWOOD LLP
One New Hampshire Avenue
Suite 350
Portsmouth, New Hampshire 03801
Tel.: (603) 433-6300
Fax: (603) 433-6372
mrosen@pierceatwood.com

John A. Sten (*pro hac vice* motion to be filed)
Jason C. Moreau (*pro hac vice* motion to be filed)
PIERCE ATWOOD LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Tel.: (617) 488-8100
Fax: (617) 824-2020
jsten@pierceatwood.com
jmoreau@pierceatwood.com

*Attorneys for Defendant*
*Donald S. LaGuardia, Jr.*