UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Securities and Exchange Commission, | |
|---|---|
| Plaintiff, | 1:19-cv-05895 (ALC) (SDA) |
| -against- | OPINION AND ORDER |
| Donald S. LaGuardia, Jr., | |
| Defendant. | |
**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion (Gov't Letter Motion, ECF No. 25) by the United States (the "Government"), to intervene and stay proceedings in this action during the pendency of the criminal case against Defendant Donald S. LaGuardia, Jr. ("Defendant" or "LaGuardia"). *See United States v. Donald LaGuardia*, 19-CR-00893 (LAK) (the "Criminal Case"). For the following reasons, the Court GRANTS the Government's Letter Motion.

## BACKGROUND

This action was filed on June 24, 2019 by Plaintiff Securities and Exchange Commission (the "Commission") against LaGuardia alleging violations of the Securities Act of 1933; the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder; and the Investment Advisers Act of 1940 (the "Advisers Act"), and Rule 20b(4)-8 thereunder. (Compl., ECF No. 1.) The Commission alleges that, during the period 2013 to 2017, LaGuardia (who controlled the unregistered investment adviser L-R Managers, LLC (the "Firm")) perpetrated a scheme to defraud LR Global Frontier Master Fund., Ltd. and two feeder funds (collectively, the "Funds"), which were private investment funds managed by the Firm, as well as the Funds'

investors. (*Id.* ¶¶ 1-7, 18-47.) The Commission further alleges that LaGuardia misappropriated $2.62 million from the Funds; engaged in improper accounting practices to artificially inflate the net asset value of the Funds; and made material misrepresentations about the Funds' audits, expenses and performance to investors and/or prospective investors in connection with their investments and/or prospective investments in the Funds. (*Id.* ¶¶ 2-7.) The Complaint contains allegations regarding "Investor A," who in September 2015 made an approximately $2 million investment in one of the Funds, and regarding "Investor B," who in January 2013 made an $800,000 investment in one of the Funds. (*Id.* ¶¶ 39, 45.)

On November 8, 2019, the parties' filed their joint Report of Rule 26(f) Meeting and Proposed Case Management Plan. (Rule 26(f) Discovery Plan Report, ECF No. 18.) In their Plan, the parties state that "[d]iscovery will be needed with respect to defendant, the adviser's employees, investors in funds managed by the advisers, and entities related to, or which provided services to, the adviser and the funds it managed." (*Id.* at 2.) In addition, the parties proposed, and the Court adopted, an August 11, 2020 cut-off for fact and expert discovery. (*Id.* at 3-4; Memo Endorsement, ECF No. 22, at 3-4.) By early December 2019, the Commission completed the production of hundreds of thousands of pages of materials, including all the documents that the Commission had obtained from third parties during its investigation, as well as all the investigative testimony transcripts in the matter. (Gov't Letter Motion at 2.)

On December 13, 2019, a Grand Jury returned an Indictment against LaGuardia that was filed under seal in the Criminal Case. (Indictment, 19-CR-00893 ECF No. 1, at 14.) On December 17, 2019, the Indictment was unsealed and LaGuardia was arrested. (*See* 12/17/19 Order, 19-CR-00893 ECF No. 2; Arrest Warrant, 19-CR-00893 ECF No. 3.) The Indictment charges LaGuardia

with securities fraud in violation of the Exchange Act and investment adviser fraud in violation of the Advisers Act, as well as wire fraud. (Indictment, Counts One, Two and Three.) The Indictment contains allegations regarding an "Investor-1," who in January 2013 invested approximately $800,000 in one of the Funds, and regarding an "Investor-2," who in September 2015 invested $2 million in one of the Funds. (*Id*. ¶¶ 13, 19.) Thus, it appears that Investor-1 in the Criminal Case is the same as Investor B in this action and that Investor-2 in the Criminal Case is the same as Investor A in this action. The Criminal Case was assigned to District Judge Kaplan, who held pre-trial conferences on December 18, 2019 and January 6, 2020.

On January 13, 2020, the Government filed its Letter Motion seeking to intervene and stay proceedings in this action. (Gov't Letter Motion at 1-3.) The Government asserts that "the Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the well-founded restrictions that pertain to criminal discovery – restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence or intimidate witnesses." (*Id*. at 3.) The Government states that the trial in the Criminal Case is scheduled for September 2020, and therefore that any stay granted will be "finite and relatively short in nature." (*Id*. at 2-3.)

On January 14, 2020, I entered an Order directing the parties to respond to the Government's Letter Motion by January 17, 2020 and for the Government to reply by January 21, 2020. (1/14/20 Order, ECF No. 26.) On January 16, 2020, the Commission filed its response stating that the Commission takes no position to the stay sought by the Government. (Commission Ltr., ECF No. 27.) On January 17, 2020, LaGuardia filed his response opposing the Government's

motion for a stay. (Def. Ltr., ECF No. 28.) LaGuardia asserts that "a stay of the present matter will significantly prejudice Mr. LaGuardia as he will be unable to defend himself against the unfounded, but serious, civil accusations of securities fraud asserted by the [Commission]." (*Id*. at 3.) On January 21, 2020, the Government filed its reply. (Reply, ECF No. 29.)

Oral argument was held by telephone on January 23, 2020.

## DISCUSSION

### I. Motion To Intervene

The Government asserts that it should be permitted to intervene under Rule 24(b) of the Federal Rules of Civil Procedure because the Criminal Case involves claims and defenses that share common questions of law and fact with this case. (Gov't Letter Motion at 1.) Rule 24 provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). There are a number of questions of law and fact common to both the civil and criminal cases; namely, whether Defendant violated the Exchange Act and/or the Advisers Act. Moreover, Defendant has not voiced opposition to intervention. Under these circumstances, the Government's intervention is permissible under Rule 24(b), and that aspect of the Government's Letter Motion is GRANTED.

### II. Motion To Stay

#### A. Legal Standards

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). While staying

4

a civil case is "an extraordinary remedy," *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995), courts will not hesitate to grant a stay "when the interests of justice seem to require" it. *In re Worldcom, Inc. Sec. Litig.,* No. 02-CV-03288 (DLC), 2002 WL 31729501, at *3 (S.D.N.Y. Dec. 5, 2002) (quoting *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986)) (punctuation omitted). When making a stay determination, courts must "balance the competing interests at stake," *SEC v. Downe,* No. 92-CV-04092 (PKL), 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993), and use "[j]udicial discretion and procedural flexibility . . . to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *In re Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989) (citation omitted).

"A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA. Inc.,* 676 F.3d 83, 98 (2d Cir. 2012) (citation omitted). District courts balance the following six factors when considering whether to stay a civil matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id*. at 99.

B. **Application**

Having carefully considered the relevant factors in light of the circumstances of this case, the Court, in its discretion, finds that a stay is warranted.

1. **Overlap Of Issues**

"The overlap of the issues in the criminal and civil cases" is "a particularly significant factor." *SEC v. Shkreli*, Case No. 15-CV-07175 (KAM), 2016 WL 1122029, at *4 (E.D.N.Y. March 22, 2016). As noted in the Background Section, *supra*, there is substantial overlap between this action and the Criminal Case. Defendant himself argues that the Government "essentially copied the facts of its Indictment from the SEC Complaint." (Def. Ltr. at 2.) Thus, this factor weighs in favor of a stay.

2. **Status Of The Criminal Case**

A stay of a civil case is most appropriate where a party to the civil case already has been indicted for the same conduct. *See Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139 ("stays will generally not be granted before an indictment is issued"). The return of an indictment reduces the prejudice of a stay to an opposing party because it means that the criminal process is underway and that the delay of the civil matter will not be prolonged. *See id*. (prejudice in the civil case "is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations"). Here, a Grand Jury already has returned an indictment against Defendant. Thus, this factor also weighs in favor of a stay.

### 3. Plaintiff's Interest

As "[t]he SEC has taken no position on the Government's request . . . the Court thus need not consider its interests." *SEC v. Blaszczak*, Case No. 17-CV-03919, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018). Thus, this factor is neutral.

### 4. Defendant's Interest

Defendant contends that he "has suffered, and will continue to suffer, significant harm to his reputation, credibility, business interests, and personal life during the pendency of the [Commission's] suit." (Def. Ltr. at 3.) Although the Court understands Defendant's concerns, the Court is unpersuaded that the putative prejudice suffered by Defendant outweighs the other factors. Moreover, the "prejudice [to Defendant] flows from the pending criminal charges as well." *SEC v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-03244 (AJN), 2019 WL 6498282, at *2 (S.D.N.Y. Dec. 3, 2019).

### 5. Interests Of The Court

The Court has a strong interest in judicial efficiency. Staying this action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter. *See Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *3 ("judicial efficiency would be promoted by a stay, because of the factual overlap"); Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 204 (1990) ("Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil suits and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues. Conviction of a defendant in a parallel criminal case may effectively dispose of all common issues in a

subsequent civil action, although the reverse is not true."). Thus, the interests of the Court weigh in favor of a stay.

   6. **Public Interest**

Finally, the Court finds that there is no harm to the public interest in granting a stay of this action. Rather, the public interest is served by the issuance of a stay. The Government and the public have an interest in ensuring that civil discovery is not used "to circumvent limitations on discovery in criminal cases." *SEC v. Beacon Hill Asset Mgmt. LLC.*, No. 02-CV-08855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003).

Based upon its consideration of the relevant factors, the Court stays the proceedings in this case during the pendency of the Criminal Case in this Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's Letter Motion in its entirety and stays the proceedings in this case during the pendency of the Criminal Case in this Court. Within two weeks of the conclusion of the Criminal Case, the parties shall jointly provide a status update to this Court.

Dated: New York, New York
       January 23, 2020

                                  **SO ORDERED**.

                                  _____
                                  **STEWART D. AARON**
                                  **United States Magistrate Judge**