UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISION.

        Plaintiff,

vs.

DONALD S. LAGUARDIA, JR.,

        Defendant,

vs.

LR GLOBAL FRONTIER MASTER FUND LTD., LR GLOBAL FRONTIER FUND LTD. (OFFSHORE), LR GLOBAL FRONTIER FUND LTD. (ONSHORE),

        Relief Defendants.

CASE NO. 19-cv-05895 (ALC/SDA)

## ANSWER OF RELIEF DEFENDANTS TO AMENDED COMPLAINT

Relief Defendants, LR Global Frontier Master Fund LTD., LR Global Frontier Fund, LTD (Offshore) and LR Global Frontier Fund LTD. (Onshore) (collectively, "Relief Defendants" or "Frontier Funds"), answer the Amended Complaint and Jury Trial Demand, and state:

### SUMMARY OF ALLEGATIONS

1. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, except that LaGuardia controlled L-R Managers and that the NAV of the Funds are believed to have been misstated in the past.

2. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 2 of the Amended Complaint, except that the NAV of the Fuds are believed to have been inflated in the past.

3. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint.

4. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint.

5. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, except that certain receivables are reported "due from" L-R Managers and that the NAV of the Funds are believed to have been inflated in the past.

6. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, except that certain receivables are reported "due from" L-R Managers.

7. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint, except that the Commission seeks the stated relief.

## **VIOLATIONS**

9. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint.

10. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

## NATURE OF PROCEEDINGS AND RELIEF SOUGHT

11. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint, except Relief Defendants presume the Commission has the stated authority.

12. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, except that the Commission seeks the stated relief; however, Relief Defendants deny that the Funds' assets should be ordered transferred beyond their custody and control.

## JURISDICTION AND VENUE

13. Relief Defendants admit to jurisdiction and venue in paragraph 13 of the Amended Complaint but deny that any relief sought by the Commission as to Relief Defendants should be granted.

14. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

## DEFENDANT

15. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint, except that the Firm advised and managed the Funds.

## RELIEF DEFENDANTS

16. As to Paragraph 16 of the Amended Complaint, Relief Defendants admit that the Funds were structured as a Master Fund with two feeder funds. Relief Defendants further admit

3

that LR Global Frontier Fund LP was a Delaware limited partnership, LR Global Frontier Fund LTD was an exempt company incorporated under the laws of the Cayman Islands, and LR Global Master Frontier Fund LP was incorporated under the laws of the Cayman Islands. Relief Defendants admit to the implementation of the Private Placement Memorandum the terms of which govern the respective Funds. Relief Defendants reasonably believe that currently at least $880,000.00 of Funds' assets are held by some Northern Trust entity. Relief Defendants deny that the Commission has any right to assert control over those funds.

## RELEVANT ENTITIES

17. Relief Defendants admit the allegations in Paragraph 17 of the Amended Complaint but have insufficient information or knowledge about the Firm's registration with the Commission.

## FACTS

### I. LaGuardia's Misappropriation of funds

18. Relief Defendants admit Paragraph 18 of the Amended Complaint.

19. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint.

### II. Fraudulent Accounting Devices

#### A. LaGuardia Concealed this Misappropriation through a Sham Receivable and Promissory Note

20. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint.

21. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint.

22. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint.

### B. LaGuardia Used Fraudulent Accounting Devices to Inflate the NAV and Returns

23. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint, except Relief Defendants believe that the NAV of the Funds to have been inflated in the past.

#### 1. Reversal of Fund Expenses and Recording of Sham Fund Expense Receivable

24. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint

25. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint, except Relief Defendants believe the NAV of the Funds to have been inflated in the past.

26. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint.

#### 2. Overstated Returns Through a Performance "True-Up"

27. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.

28. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint, except Relief Defendants believe the NAV of the Funds to have been inflated in the past.

### III. Misrepresentations Regarding Audits, Expenses, and Performance

29. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint.

30. Relief Defendants admit the respective PPMs for each Fund sets forth terms and conditions but denies Paragraph 30 of the Amended Complaint to the extent the allegations attempt to alter, vary, or contradict those stated terms and conditions.

31. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Amended Complaint.

32. Relief Defendants admit the respective PPMs for each Fund sets forth terms and conditions but denies Paragraph 32 to the extent the allegations attempt to alter, vary, or contradict those stated terms and conditions.

33. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint.

34. The Amended Complaint does not include a Paragraph 34.

35. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint.

IV. **Investor A- Misappropriation of Approximately $465,000**

36. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Amended Complaint.

37. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations listed in Paragraph 37 of the Amended Complaint, except that the "historical performance" of the Funds has been inflated in the past.

38. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint.

39. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint, except that an approximately $2 Million subscribed investment had been made in the onshore Frontier Fund.

40. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint.

41. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint.

42. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint.

V. **Investor B- Misappropriation of Approximately $1.37 Million**

43. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint.

44. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Amended Complaint.

45. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Amended Complaint.

46. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Amended Complaint.

47. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Amended Complaint.

VI. **Unjust Enrichment of the Frontier Funds**

48. Relief Defendants deny Paragraph 48 of the Amended Complaint.

49. Relief Defendants deny Paragraph 49 of the Amended Complaint.

50. As to Paragraph 50 of the Amended Complaint, Relief Defendants admit Northern Trust, or its affiliates hold (directly or indirectly) assets belonging to the Funds. Otherwise, Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Fraud in the Offer or Sale of Securities**
Violations of Section 17(a) of the Securities Act

51. Relief Defendants admit and deny Paragraph 51 in the same respects as all preceding Paragraphs incorporated therein by reference.

52. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint.

53. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**Fraud in Connection with the Purchase or Sale of Securities**
Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

54. Relief Defendants admit and deny Paragraph 54 in the same respects as all preceding Paragraphs incorporated therein by reference.

55. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Amended Complaint.

56. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Amended Complaint.

**THIRD CLAIM FOR RELIEF**
Violations of Sections 206(1) and 206(2) of the Advisors Act

57. Relief Defendants admit and deny Paragraph 57 in the same respects as all preceding Paragraphs incorporated therein by reference.

58. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Amended Complaint.

59. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
Violations of Section 206(4) of the Advisors Act and Rule 206(4)-8-Thereunder

60. Relief Defendants admit and deny Paragraph 60 in the same respects as all preceding Paragraphs incorporated therein by reference.

61. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint.

62. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
Control Person Liability for L-R Managers' Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

63. Relief Defendants admit and deny Paragraph 63 in the same respects as all preceding Paragraphs incorporated therein by reference.

64. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Amended Complaint.

65. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Amended Complaint.

66. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Amended Complaint.

67. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 of the Amended Complaint.

68. Relief Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint.

### SIXTH CLAIM FOR RELIEF
Unjust Enrichment as to the Relief Defendants

69. Relief Defendants admit and deny Paragraph 69 in the same respects as all preceding Paragraphs incorporated therein by reference.

70. Relief Defendants deny Paragraph 70 of the Amended Complaint.

### RELIEF DEFENDANTS' DEFENSES

### FIRST DEFENSE
FAILURE TO STATE CLAIM

71. As to Plaintiff's Sixth Claim for Relief, Plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Dated: September 27, 2021

                                       */s/ Tucker H. Byrd*
                                       **Tucker H. Byrd**
                                       Florida Bar No. 381632
                                       **Thomas C. Allison**
                                       Florida Bar No. 35242
                                       **BYRD CAMPBELL, P.A.**
                                       180 Park Avenue North, Suite 2A
                                       Winter Park, Florida 32789
                                       Telephone: (407) 392-2285
                                       Facsimile: (407) 392-2286
                                       Primary: TByrd@ByrdCampbell.com
                                       Primary: TAllison@ByrdCampbell.com
                                       Secondary: CKittel@ByrdCampbell.com
                                       Secondary: ESaleem@ByrdCampbell.com
                                       *Attorneys for Relief Defendants*